10-1458-ag
Chen v. Holder

BIA
Nelson, IJ
A098 633 024

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand eleven.

PRESENT:
>      JON O. NEWMAN,
>      PIERRE N. LEVAL,
>      JOSÉ A. CABRANES,
>           *Circuit Judges.*

_____

XU DONG CHEN,
>      *Petitioner,*

>      v.                                          10-1458-ag
>                                                   NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Aliza B. Alyeshmerni, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Xu Dong Chen, a native and citizen of the People's Republic of China, seeks review of a March 31, 2010, order of the BIA affirming the May 29, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xu Dong Chen*, No. A098 633 024 (B.I.A. Mar. 31, 2010), *aff'g* No. A098 633 024 (Immig. Ct. N.Y. City May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We are without jurisdiction to consider Chen's challenge to the IJ's pretermission of his asylum application because Chen challenges only the IJ's factual determination that he did not

-2-

demonstrate his date of entry or changed circumstances excusing the untimely filing of his asylum application. *See* 8 U.S.C. § 1158(a)(3); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Moreover, as Chen has not raised any challenges to the denial of CAT relief, or to the denial of any relief based on his claimed violation of the family planning policy or his illegal exit from China, we review only Chen's challenge to the agency's denial of his application for withholding of removal with regard to his Falun Gong claim.

The agency determined both that Chen was not credible and, even if credible, that he had not meet his burden of proof. The IJ's adverse credibility determination is supported by substantial evidence, including: (1) Chen's demeanor; (2) several implausible aspects of Chen's testimony; and (3)inconsistencies in Chen's testimony. The IJ reasonably relied on Chen's testimony to make a demeanor finding, noting that Chen: (1) was extremely hesitant and unresponsive in answering questions; (2)clearly memorized his story and attempted to repeat it by rote to the court; (3) had difficulties with his testimony upon variation from a script; and (4) could not remember great portions about how he traveled to the United States. The IJ's ultimate judgment regarding the impression that Chen conveyed, in light of his testimony, merits deference. *See Majidi v. Gonzales*, 430 F.3d 77, 81, n.1. (2d Cir. 2005).

The IJ further found that several aspects of Chen's testimony implausible, including that: (1) Chen genuinely practiced Falun Gong as he failed to identify the correct exercise that he was doing in photographs taken at a Falun Gong event; and (2) although Chen knew a villager informed the Chinese government of his Falun Gong activities, he did not know the villager's name or gender. In light of Chen's testimony that he practiced Falun Gong once a week from April 2007 until the time of his hearing and that he only knew a villager had reported him because his family told him, the IJ could reasonably infer from these facts, "viewed in light of common sense and ordinary experience," that the particular aspects of Chen's testimony were implausible. *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007).

Additionally, the IJ reasonably relied on inconsistencies between Chen's testimony and the evidence he submitted as: (1) Chen initially testified that the first Falun Gong activity he participated in was in September 2006, predating his claimed date of arrival in the United States, but later testified that the event took place in September 2007; and (2) when Chen was asked how he attended a Falun Gong event in New York City, he initially testified that he and his sister took a car to the event, but upon further questioning, he testified that he walked to the event. Because the IJ was entitled to rely on any discrepancy in finding Chen not credible, the IJ properly relied on these

-4-

inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 n.3. Furthermore, the agency reasonably declined to credit Chen's explanations that he misspoke or that his testimony was not actually inconsistent. *See Majidi*, 430 F.3d at 80-81 (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Finally, the agency reasonably concluded that Chen did not meet his burden of proof. The IJ gave limited weight to the corroborating evidence that Chen submitted, including two letters from his mother and an unauthenticated village committee certificate regarding the government's knowledge of his Falun Gong practices. The IJ reasonably questioned the evidence as the second letter appeared to have been prepared for litigation and the village certificate was unauthenticated and not supported by independent evidence. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (BIA did not abuse discretion declining to credit a document purportedly sent by local government officials and requiring an alien to surrender to the authorities where the document was facially questionable).

Under all the circumstances, the adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the IJ reasonably concluded that Chen was not credible as to his claim of a well-founded fear of

persecution, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk